UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDY LAMBERT,** | ) Case No.: 18-cv-115-RAW |
| Plaintiff, | ) |
| v. | ) |
| **ALLY FINANCIAL, INC.,** | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

BRANDY LAMBERT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLY FINANCIAL, INC., ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

PLAINTIFF'S COMPLAINT

3. Defendant regularly conducts business in the State of Oklahoma, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Gans, Oklahoma 74936.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 200 Renaissance Center, Detroit, Michigan 48265.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or before August 2015 and continuing through August 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant sometimes contacted Plaintiff up to several times a day

PLAINTIFF'S COMPLAINT

during this time period.

14.  During this time, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15.  Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a discernible delay or pause with no caller on the line prior to the call being transferred to one of Defendant's representatives.

16.  The Plaintiff also received voicemails from Defendant that used a recorded message.

17.  Defendant's telephone calls were not made for "emergency purposes."

18.  Shortly after calls started, Plaintiff spoke with Defendant and told Defendant to stop calling her cellular telephone number, thereby revoking any consent that Defendant may have thought it had to call.

19.  Defendant heard and acknowledged Plaintiff's request to stop calling.

20.  Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

21.  Despite Plaintiff's request to stop calling, Defendant continued to call Plaintiff.

- 3 -

PLAINTIFF'S COMPLAINT

22. Plaintiff told Defendant to stop calling several more times and told Defendant that she had put the account on automatic payment, but Defendant still continued to call her cellular phone.

23. It was distressing, annoying, frustrating, and stressful for Plaintiff to receive these repeated calls from Defendant and she found the calls harassing and invasive.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system and/or pre-recorded voice.

28. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDY LAMBERT, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRANDY LAMBERT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: April 13, 2018       By: */s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com